[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court, after hearing the parties, finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
DISSOLUTION OF MARRIAGE
The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
CUSTODY AND VISITATION
The parties are awarded joint legal custody of the minor child with physical custody to the Wife. Visitation with the Husband shall be reasonable, liberal and flexible including each Wednesday between five and 7:00 p. m. and either Saturday or Sunday from 11 a.m. to 7:00 p. m. There will be regular telephone contact between the Husband and the child. As the child grows, the parties shall consider her needs and interests in arranging age appropriate vacation time with the Husband. Major holidays will be shared equitably. Father's day and Mother's day shall always be with the respective parent. General orders, a copy of which is attached hereto, are incorporated into these orders by reference.
CHILD SUPPORT
The Husband shall pay to the Wife child support of $107 per week, pursuant to an immediate wage withholding order, which comports with the Child Support Guidelines.
LIFE INSURANCE
The Husband shall name the minor child beneficiary on any CT Page 9820 group life insurance insuring his life as made available through his place of employment.
MEDICAL INSURANCE
The Wife shall maintain the medical insurance she now has in force through her place of employment for the benefit of the minor child. She shall further be responsible for the $10 co-pay requirement for doctors' visits. The Husband shall be responsible for the $5 co-pay requirement for prescriptions. All other un-reimbursed medical and dental expenses incurred by the child shall be equally shared.
ALIMONY
The Husband shall pay to the Wife until the death of either party the sum of $65 per week as alimony pursuant to a wage withholding order. The payment of said alimony shall commence on the date the Wife vacates the marital residence and shall continue for a period of 10 years thereafter. Alimony shall also terminate in the event of the Wife's remarriage or cohabitation as defined in Conn. Gen. Stat. Sec. 46b-86.
REAL ESTATE
The Husband shall retain title to the marital residence located at 131 Sunburst Road, Bridgeport, Connecticut, but shall vacate same within one week from date. The Wife, at her option, shall have exclusive use and occupancy of said premises for a period of two years from date after which she shall immediately vacate. Until the Wife vacates, the Husband shall have the sole obligation to pay the first and second mortgages, taxes, insurance, and all reasonable and necessary repairs. The Wife shall be solely responsible for all utilities and other maintenance associated with her occupancy.
PERSONAL PROPERTY
All of the furniture and personal possessions now located in the marital residence shall become the property of the Wife with the exception of the following items which the Husband may remove withing 30 days from date: air conditioner, stereo, tall fan, cycling machine, tools, microwave oven, and cordless telephone.
The Wife shall retain the 1995 Buick automobile subject to CT Page 9821 the outstanding loan obligation which she shall assume and save the Husband harmless. The Husband shall retain the 1979 Buick.
All bank accounts shall remain in the name of the party owning same. RETIREMENT ASSETS
The Husband shall transfer to the Wife pursuant to a Qualified Domestic Relations Order (QDRO) a 50% interest in his vested pension benefit at Normag Inc. represented to be $437.14 per month at age 65. The Husband shall cause said QDRO to be prepared at his expense and file same with the court within 90 days from date.
LIABILITIES
The Husband shall assume all the obligations shown on his financial affidavit and the Wife shall assume the J.C. Penny and Chase Visa obligations shown on her affidavit.
TAXES
By April 15 of each year, for as long as there is any financial obligation for support or alimony, the parties shall exchange their Internal Revenue Service tax returns in order to monitor the appropriateness of the payments.
MISCELLANEOUS
Each party shall sign any documents necessary to implement these orders.
CUTSUMPAS, J.
 GENERAL ORDERS
Any expense or cost involved in the exercise of visitation or parenting rights, such as transportation, food, clothing, lodging or entertainment, shall be separate and apart from any child support order. No such expense or cost shall be deducted from the child support order.
Each of the parties shall keep the other reasonably informed of the whereabouts of the child/children while said child/children are with him/her. If either has knowledge of any illness or accident affecting the health or welfare of the CT Page 9822 child/children, they will promptly notify the other.
Each of the parties will promptly furnish the other copies of any reports from third persons or institutions concerning health, education, or welfare of the child/children.
The parties shall exert every reasonable effort to maintain free access and unhampered contact between the child/children and the other parent and to foster a feeling of affection between said child/children and the other parent. Neither party shall do anything which may estrange said child/children from the other party or injure the opinion of said child/children as to the father or mother, or act in such a way as to hamper the free and natural development of said child/children's love and respect for the other party.
The parties shall have reasonable access to the child/children while said child/children are with the other party, including access by mail or telephone during reasonable hours of the day or evening. Neither party shall exercise visitation or parenting rights with the child/children in the home of the other parent without express consent.